

| | |
|---|---|
| **DIVISION OF CORRECTION**<br>**MARYLAND CORRECTIONAL**<br>**ADJUSTMENT CENTER**<br>**INSTITUTIONAL DIRECTIVE**<br>State of Maryland | DIRECTIVE NUMBER: __110-3-1__<br>DATE: __September 12, 1999__<br>SUBJECT: __CUSTODY and SECURITY__<br>TITLE: __Restraint Devices__ |

I. **REFERENCES:**  DCDs 110-3, 110-12, Mental Health Protocols

II. **APPLICABLE TO:**  Maryland Correctional Adjustment Center (MCAC)

III. **PURPOSE:**  To specify types of security restraint devices, which may be used within the Maryland Correctional Adjustment Center (MCAC).

IV. **DEFINITION:**  None

V. **POLICY:**  It is the policy of the MCAC to identify restraining devices as well as the use and proper control of same.

VI. **PROCEDURES:**

   A.   Restraining equipment is to be maintained in the Maryland Correctional Adjustment Center.

   1. **Master Control Center** – for general everyday use

   2. **Housing Unit Control Center** – for everyday use in the housing unit activities.

   3. **Institutional Armory** – for storage

   4. **Property and Receiving** – for escorts

   5. **Medical Unit Control Center** – for Alternate Housing

   6. **Captain's Office** - for emergency evacuations

EXHIBIT 3

B. Restraining equipment will be inspected on a quarterly basis by the Armory Officer and zone supervisor.

1. An inspection form will be completed and maintained on file for three years (MCAC Form 110-3-1aR).

2. Any equipment found to be defective is to be removed and replaced immediately. Documentation is to be maintained of the removal and replacement of equipment.

C. An inventory of restraint equipment is to be conducted on an annual basis by the Armory Officer and zone supervisor.

1. Any discrepancies are to be reported immediately with a written report to follow.

2. An investigation is to be conducted to ascertain the whereabouts of the missing equipment.

3. All investigations are to be put in writing with copies forwarded to the Security Chief and the Warden.

4. A quarterly inspection of restraint equipment is to be conducted to determine the condition.

5. A current master listing for restraint equipment is to be kept on file and updated as necessary.

D. The following are circumstances for use of restraining equipment by an officer:

1. As necessary for security such as a disturbance or in securing an escaped inmate;

2. As necessary to control a violent or dangerous inmate;

3. During transportation of inmates (ref. DCD 110-12, MCAC-ID 110-12-1);

4. When an inmate by his actions or statements indicates he might injure an individual or damage any property and/or escape or who has an attempted or actual escape history, the shift commander may make the determination to place the inmate in restraints while he remains in the housing unit cell. The shift commander or designee may also determine if the inmate is to recreate in full restraints. All policies and procedures as outlined for

placement in the alternate housing unit will apply; i.e., a Record of Isolation Confinement Form must be initiated, rounds must be conducted every ½ hour, the inmate, must be seen by the health care provider as soon as practical but not more than 12 hours. Complete and accurate logbook entries are to be made in addition to the confinement form. It is the responsibility of the OIC and the column lieutenant to ensure that accurate record keeping is maintained during this period.

5. When an inmate assaults staff by throwing feces, body fluids or by any other means; and/or



6. When an inmate flagrantly or intentionally disrespects or attempts to disrespect any person by openly performing any perverted sex act, including masturbation in another's view, he is to be restrained from behind.

   a. Anytime an inmate is restrained from behind in a full restraint set; the time is not exceeding four (4) hours. The shift commander or designee is to also determine if the inmate is to be restrained in his cell or the Alternative Housing Unit.

   b. If an inmate's disruptive behavior requires him to be placed in full restraints, he is to be placed in the restraints immediately upon approval of the shift commander or designee and in no event later than two (2) hours after the incident. If placement in restraints is not immediate, written rationale must be submitted to the shift commander to support the decision to place the inmate in restraints (within the 2-hour time limit) after the incident has occurred.

7. When an inmate holds a door food slot or displays any other disruptive or assaultive behavior.

E. The following restraint devices may be used:

   1. swivel-type handcuffs

   2. handcuff cover (black box type)

   3. leg irons

    4. waist chain or restraining belt

    5. ropes, belts, tape or flex-cuff (only in emergency situations)

    6. five point restraints, when medically indicated, as determined and authorized by medical personnel (ref. DCD 124-530)

    7. violent person restraint chair

F. If an inmate displays behavior that would require him to recreate in restraints and/or upgrade existing restraints, MCAC Form 110-3-1bR, Request for Restraint Usage/Upgrade shall be filled out in its entirety.

    1. The sergeant or OIC will initiate the form.

    2. The form will be reviewed and approved by the shift commander, security chief and the warden.

    3. If the inmate throws urine and/or feces, he is to recreate in full restraints and shower on the 11-7 shift upon approval by the shift commander, security chief and warden.

    4. The 7-3 and/or 3-11 shift column lieutenants will be notified if the inmate is to recreate on the 11-7 shift. The column lieutenant will notify the 11-7 shift commander or designee that the inmate is to recreate in full restraints and shower on the 11-7 shift and will be reviewed not more than 90 days.

    5. When the 11-7 shift does a 30/90 day review of the inmate, the 11-7 shift will consult with the 7-3 and the 3-11 shift column lieutenants before making any recommendations.

    6. If the inmate is to be handcuffed from behind, he must first be medically cleared. The medical clearance is to be recorded on the form and should include the signature of the medical staff person and the current date.

    7. **NO** inmate is to recreate in full restraints with the exception of segregation inmates, without MCAC Form 110-3-1bR being filled out by the sergeant/OIC of the unit and approved by the shift commander, security chief and the warden. There are to be no exceptions.

### Reviews

If the inmate is to be handcuffed from behind, he must be reviewed not more than 30 days. If the inmate is to be handcuffed from the front or placed in full restraints, the inmate will be reviewed not more than 90 days. The review is to be conducted by the shift commander, security chief and the warden and recorded on side 2 of MCAC Form 110-3-1bR.

If an inmate is to continue on full restraint recreation for additional periods at (30) day increments, the security chief and the warden must approve the request and a psychological evaluation is to be conducted of the inmate.

G. Restraints should never be used:

1. as a form of punishment;

2. about the head or neck of an inmate; or

3. in a way which causes undo physical discomfort, inflicts physical pain or restricts blood circulation or breathing of an inmate.

H. Restraint devices are to be applied only for the length of time necessary.

I. All correctional personnel are to be properly trained in the use, safety and care of restraining devices upon employment at the Maryland Correctional Adjustment Center and annually during in-service training.

J. Only correctional officers are to issue or be issued restraining devices and must check all restraining devices upon issuance before taking control of an inmate for transportation.

K. No other restraint devices other than those specifically designated herein are authorized and no other restraint devices than those herein may be used.

L. This directive is to be made available to all correctional staff for review and familiarization.

M. This directive is to be reviewed annually with revisions made as needed.

Page 6 of 6
MCAC-ID 110-3-1

VII. **ATTACHMENTS:**   MCAC Form 110-3-1aR, Quarterly Security Equipment Inspection Sheet

MCAC Form 110-3-1bR, Request for Restraint Usage/Upgrade

VIII. **RESCISSION:**   MCAC-ID 110-3-1 dated September 8, 1998

APPROVED: _____
James S. Smith, *Chief of Security*

APPROVED: _____
Thomas R. Corcoran, *Warden*

Distribution: A
              D