IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

**CURTIS WRIGHT, #206-095**            *

      **Plaintiff,**                    *

**v.**                                           *    Civil No. MJG-02-3843
**THOMAS CORCORAN, ET AL.,**
                                            *

      **Defendants.**
    *    *    *    *    *    *    *

Declaration

I, Marvin N. Robbins, declare as follows:

1. I am the Executive Director of the Inmate Grievance Office (IGO) for the State of Maryland. I have been the Executive Director since my appointment on June 1, 1979. The IGO receives approximately 2,000 to 2,500 grievances a year.

2. The IGO falls under the auspices of the Secretary of the Department of Public Safety and Correctional Services.

3. The jurisdiction of the IGO is limited to complaints filed by inmates in the custody of the Division of Correction and Patuxent Institution against officials or employees of the Division of Correction or Patuxent Institution.

4. My responsibilities include, but are not limited to, reviewing all inmate IGO complaints and ensuring that they have been properly filed with my office. I (and my designees) have the authority to administratively dismiss complaints that are wholly without merit on their face, are not within our jurisdiction, are untimely filed, or for which the inmate has failed to exhaust administrative remedies prior to seeking the IGO's jurisdiction.

5. Except for complaints which involve disciplinary decisions or classification decisions (such as security level assignments, institutional assignments, or job assignments), inmates who are in the custody of the Division of Correction must exhaust the remedies available to them through the Division of

EXHIBIT 4

Correction's Administrative Remedy Procedure (ARP) prior to seeking the IGO's jurisdiction.

6. Issues for which inmates may seek relief through the Division of Correction's ARP procedure include, but are not limited to:

   a) institutional policies and/or procedures;
   b) access to courts;
   c) medical services (although the Division of Correction may exercise a role in addressing certain medical complaints, the IGO does not have jurisdiction over complaints against the private health-care contractor or its employees who provide medical services to State prisoners);
   d) religious liberties;
   e) lost, stolen or damaged property;
   f) use of force;
   g) sentence calculations;
   h) institutional conditions; and
   i) other complaints against staff.

7. When an IGO complaint is filed, I conduct a preliminary review of the complaint to determine if the complaint is wholly lacking in merit on its face, or not.

8. If the grievance is determined to be wholly lacking in merit on its face, it is dismissed. This order of dismissal constitutes the final decision of the Secretary for purposes of judicial review.

9. If the grievance is not wholly lacking in merit on its face, it will be referred to the Office of Administrative Hearings (OAH). An Administrative Law Judge (ALJ) from the OAH conducts hearings on grievances and provides the inmate with a chance to produce evidence and witnesses. See Annotated Code of Maryland, Correctional Services Article, section 10-208. The ALJ issues decisions in the form of an order. If, after the hearing, the ALJ determines that the grievance is without merit, a final order is issued to that effect from which a Petition for Judicial Review may be filed in circuit court. If, on the other hand, the ALJ determines that the grievance is at least in part meritorious, the ALJ prepares a proposed meritorious order to

2

be reviewed by the Secretary of the Department of Public Safety and Correctional Services. The Secretary may affirm, reverse or modify the proposed order. Whatever action is taken by the Secretary is considered to be the final decision from which a Petition for Judicial Review may be filed in the circuit court.

10. I have caused a search of the IGO computerized case tracking system to be conducted, and the IGO has identified a total of 24 grievances filed by Curtis Wright #206095 over the years. Of those 24 cases, 8 were filed on or before May of 2001, and they can therefore be excluded. Another 12 were filed on or after May of 2003, and they likewise have been excluded from further review. Of the remaining 4 cases, one involved an issue of postage; and another involved an issue of a "property book". Those 2 cases were therefore excluded from further review.

    I reviewed the 2 remaining files, IGO Nos. 20011605 and 20020029. IGO No. 20011605 dated 12/6/01 was received in the IGO office on December 10, 2001. That case involved the issue related to Wright's Disciplinary Conviction for the incident on 10/31/01 (i.e. he was observed masturbating. The "observation" was through a window. He pursued his appeal on the basis that it was reported that he was observed "in a window", and seemed to imply that it was impossible for a person to be "in" a window.) I conducted the preliminary review of that case and on January 14, 2002 I administratively dismissed it without a hearing. That was the final decision, and there is no evidence that Wright sought judicial review of that dismissal.

    IGO No. 20020029 dated January 6, 2002 was filed in the IGO on January 8, 2002. It was submitted as an appeal from ARP-MCAC-0951-01. Although Wright's submission was procedurally defective (i.e. he did not provide a copy of documentation to establish that he exhausted the remedies available to him through the ARP procedure), the subject of that complaint was presumably his claim that "security mittens" were unjustly applied to him "behind his back" during recreation periods between 10/22/01-10/24/01. That case was preliminarily reviewed by Paula R. Kramer (now Paula R. Williams), Associate Director. As a result of that review Ms. Kramer wrote to Mr. Wright on March 4, 2002 and allowed him

3

an additional 15 days to submit the missing documentation needed to perfect his filing. Mr. Wright was advised that if his response was not received within that time period, the case would be administratively dismissed without further notice to him. When no response was received, the case was administratively dismissed without a hearing on March 22, 2002 and the IGO file was closed. There is no further correspondence in that file.

I hereby declare and affirm under penalty of perjury that the foregoing is true and correct.

Date: September 8, 2005

Marvin N. Robbins