FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND

2006 FEB -6  P 3: 56

CLERK'S OFFICE

BY_____ DEPUTY

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

CURTIS WRIGHT                                         :

      Plaintiff                                      :

         v                                          :          Civil Action No. MJG-02-3843

THOMAS CORCORAN, *et al.*                   :

      Defendants                                 :

oOo

### MEMORANDUM OPINION

Pending in this civil rights action is Defendants' Motion to Dismiss or in the alternative for Summary Judgment. Paper No. 18. Although Plaintiff was advised of his right to file a response in opposition and of the consequences of failing to do so, he has not opposed the motion.[1] Upon review of the papers filed, this court finds a hearing in this matter unnecessary. Local Rule 105.6 (D. Md. 2004). For the reasons set forth below, Defendants' motion, construed as a Motion for Summary Judgment, shall be granted.

Background

Plaintiff claims that on October 19, 2001,[2] he was falsely accused of exposing himself in a sexual manner by a female correctional officer, K. Brown. Paper No. 1. He alleges that as a result of the accusation he was "arbitrarily placed in full mechanical restraints" by Sergeant Delbridge. *Id*. Plaintiff further claims that the restraints were put on tightly, causing pain so intense he urinated on himself. Id. Plaintiff alleges he begged to have the restraints loosened and

---

[1] Plaintiff sought, and was granted, an extension of time within which to file a response in opposition. See Papers No. 20 and 21.

[2] The Complaint was filed on November 25, 2002 and placed on the inactive unassigned docket due to the number of other actionsPlaintiff had pending in this Court at that time. Paper No. 4.


SCANNED

to be allowed to clean himself, but he was left in his cell fully restrained. Id. Plaintiff claims he told Sergeant Delbridge he needed to use the bathroom, but Delbridge refused to remove Plaintiff's restraints. Id. As a result, Plaintiff alleges that he defecated on himself and was forced to remain in that condition for approximately 5 ½ hours. Id. Plaintiff claims that he was also required to wear full restraints with security mittens every time he exited his cell for 30 days following the incident. Id. He claims that the punishment was unjust because the alleged offense, public masturbation, was not a security threat because he was in his cell when it occurred and the restraints, as applied, would not prevent him from repeating the offense. Id.

### Standard of Review

A motion for summary judgment will be granted only if there exists no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. See Fed. R. Civ. P. 56(c); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). In other words, if there clearly exist factual issues "that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party," then summary judgment is inappropriate. Anderson, 477 U.S. at 250; see also Pulliam Inv. Co. v. Cameo Properties, 810 F.2d 1282, 1286 (4th Cir. 1987); Morrison v. Nissan Motor Co., 601 F.2d 139, 141 (4th Cir. 1979); Stevens v. Howard D. Johnson Co., 181 F.2d 390, 394 (4th Cir. 1950). The moving party bears the burden of showing that there is no genuine issue of material fact. See Fed. R. Civ. P. 56(c); Pulliam, 810 F.2d at 1286 (citing Charbonnages de France v. Smith, 597 F.2d 406, 414 (4th Cir. 1979)).

When ruling on a motion for summary judgment, the court must draw all reasonable inferences in favor of and construe the facts in the light most favorable to the non-moving party.

2

See Tinsley v. First Union Nat'l Bank, 155 F.3d 435, 437 (4th Cir. 1998).  A party who bears the

burden of proof on a particular claim must factually support each element of his or her claim.

"[A] complete failure of proof concerning an essential element . . . necessarily renders all other

facts immaterial." Celotex, 477 U.S. at 323.  Thus, on those issues on which the nonmoving

party will have the burden of proof, it is his or her responsibility to confront the motion for

summary judgment with an affidavit or other similar evidence.  See Anderson, 477 U.S. at 256.

      In Celotex, the Supreme Court stated:

> In cases like the instant one, where the nonmoving party will bear
> the burden of proof at trial on a dispositive issue, a summary
> judgment motion may properly be made in reliance solely on the
> "pleadings, depositions, answers to interrogatories, and admissions
> on file."  Such a motion, whether or not accompanied by affidavits,
> will be "made and supported as provided in this rule," and Rule
> 56(e) therefore requires the nonmoving party to go beyond the
> pleadings and by her own affidavits, or by the "depositions,
> answers to interrogatories, and admissions on file," designate
> "specific facts showing that there is a genuine issue for trial."

Celotex, 477 U.S. at 324.  However, "'a mere scintilla of evidence is not enough to create a fact

issue.'" Barwick v. Celotex Corp., 736 F.2d 946, 958-59 (4th Cir. 1984) (quoting Seago v. North

Carolina Theatres, Inc., 42 F.R.D. 627, 632 (E.D.N.C. 1966), aff'd, 388 F.2d 987 (4th Cir. 1967)).

There must be "sufficient evidence favoring the nonmoving party for a jury to return a verdict for

that party.  If the evidence is merely colorable, or is not significantly probative, summary

judgment may be granted." Anderson, 477 U.S. at 249-50 (citations omitted).

### Exhaustion of Administrative Remedies

      The Prison Litigation Reform Act ["PLRA"] generally requires a prisoner to exhaust

administrative remedies before filing suit in federal court. Title 42 U.S.C. § 1997e(a) provides

that "[n]o action shall be brought with respect to prison conditions under § 1983 of this title, or any other Federal law by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." The Supreme Court has interpreted the language of this provision broadly, holding that the phrase "prison conditions" encompasses "all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." Porter v. Nussle, 534 U.S. 516, 532 (2002). Thus, the exhaustion provision plainly extends to plaintiff's allegations.

"[A]n inmate's failure to exhaust his administrative remedies must be viewed as an affirmative defense that should be pleaded or otherwise properly raised by the defendant." Anderson v. XYZ Correctional Health Services, Inc., 407 F. 3d 674, 681 (4th Cir. 2005). Defendants in the instant case have properly raised the exhaustion issue. Defendants contend that Plaintiff has not exhausted administrative remedies with respect to his claim regarding the restraints he was required to wear. They concede, however, that Plaintiff did exhaust administrative remedies with respect to the institutional disciplinary proceeding. Paper No. 18 at pp.11– 14.

The evidence submitted in support of Defendants' claim that administrative exhaustion has not occurred in this case is an affidavit from the director of the Inmate Grievance Office, Marvin Robbins. Id. at Ex. 4. Mr. Robbins affirms that an appeal was filed by Plaintiff on January 6, 2002, concerning a denial of an Administrative Remedy Procedure Request (ARP). Id. at Ex. 4, p. 3. The appeal concerned Plaintiff's allegation that restraining his hands behind his back with security mittens was unjust. Id. The appeal was dismissed because Plaintiff did not submit copies of the previously filed ARP denials. Id. at p. 4. There has been no evidence

4

submitted to establish that Plaintiff did not in fact file an ARP Warden and a further appeal

Commissioner of Correction.[3]  Because Defendants have the burden of establishing non-

exhaustion.  Their evidence submitted falls short of that burden of proof.  Accordingly, the claim

shall be considered on its merits.

Analysis

Conditions which "deprive inmates of the minimal civilized measure of life's necessities"

may amount to cruel and unusual punishment.  Rhodes v. Chapman, 452 U. S. 337, 347 (1981).

However, conditions which are merely restrictive or even harsh "are part of the penalty that

criminal offenders pay for their offenses against society."  Id.

> In order to establish the imposition of cruel and unusual punishment,
> a prisoner must prove two elements - that 'the deprivation of [a] basic
> human need was *objectively* sufficiently serious,' and that
> '*subjectively* the officials acted with a sufficiently culpable state of
> mind.'

Shakka v. Smith, 71 F.3d 162, 166 (4th Cir. 1995) (emphasis in original; citation omitted).

"[T]o withstand summary judgement on an Eighth Amendment challenge to prison conditions a

plaintiff must produce evidence of a serious or significant physical or emotional injury resulting

from the challenged conditions."  Strickler v. Waters, 989 F.2d 1375, 1381 (4th Cir.).

In prison disciplinary proceedings where a prisoner faces the possible loss of good

conduct credits he is entitled to certain procedural due process protections.  See Wolff v.

McDonnell, 418 U.S. 539 (1974).  These include advance written notice of the charges against

him, a hearing, the right to call witnesses and present evidence when doing so is not inconsistent

---

[3] It is not outside the realm of possibility that Plaintiff exhausted the initial phases of the
administrative remedy procedure and misplaced the paper work.

with institutional safety and correctional concerns, and receipt of a written decision. <u>See Wolff</u>, 418 U. S. at 564-571.  Substantive due process is satisfied if the disciplinary hearing decision was based upon "some evidence." <u>Superintendent, Mass. Correctional Institute v. Hill</u>, 472 U.S. 445, 455 (1985).  The mere fact that a DOC rule governing adjustment hearings was violated does not necessarily equal a due process violation.  <u>See Riccio v. County of Fairfax</u>, 907 F.2d 1459, 1456 (4th Cir. 1990) (state does not necessarily violate the constitution every time it violates one of its rules); <u>Ewell v. Murray</u>, 813 F. Supp. 1180, 1183 (W.D. Va. 1995) (even if state law creates a liberty interest, violations of due process are to be measured against a federal standard of what process is due.).

In the unopposed Motion for Summary Judgment, Defendants allege that Plaintiff was issued a notice of infraction for openly masturbating in his cell window and continuing to do so when ordered to stop.  Paper No. 18 at Ex. 2, p. 1.  At a hearing on the notice of infraction, Plaintiff was found guilty of three rule violations related to the incident and sentenced to 150 days segregation and revocation of 114 good conduct credits.  <u>Id</u>. at p. 3.  Defendants explain that an institutional directive in place at the time Plaintiff was observed masturbating openly directs that an inmate engaged in such behavior must be restrained for up to four hours.  <u>Id</u>. at Ex. 3.

Plaintiff bases his claims on his view that the act of masturbating inside a prison cell is not a security threat and requiring Plaintiff to wear restraints was not an appropriate sanction. Paper No. 1.  He asserts that he was punished without benefit of due process and requests declaratory, injunctive, and compensatory relief.  <u>Id</u>.  For purposes of Plaintiff's notice of infraction, he received notice of the charges against him and an opportunity to be heard.  Paper No. 18 at Ex. 2.  In addition, the guilty finding was based on evidence presented by the reporting

officer, satisfying the constitutional evidentiary standard. See Hill, 472 U.S. at 455.

Accordingly, the adjustment proceedings in this case did not run afoul of Plaintiff's due process

rights.

To the extent that Plaintiff is asserting that application of restraints immediately

following the incident and the continued use of restraints whenever Plaintiff exited his cell for

thirty days following the incident amounted to punishment, his claim must fail. Paper No. 1.

Plaintiff's claim is essentially a conditions of confinement claim governed by the Eighth

Amendment analysis set forth above. He has failed to oppose Defendants' assertion that he

suffered no significant or lasting injury. His failure to allege a significant injury resulting from

the challenged conditions is fatal to any asserted Eighth Amendment claim. See Shakka, 71 F.3d

at 166.

To the extent that Plaintiff is claiming a denial of due process, he has failed to allege facts

upon which a protected liberty interest may be established.   A liberty interest may be created

when state action imposes an "atypical and significant hardship on the inmate in relation to the

ordinary incidents of prison life." Sandin v. Conner, 515 U.S. 472, 484 (1995).  The focus is,

therefore, on the nature of the deprivation alleged.  In the instant case, Plaintiff has alleged that

he was required to wear restraints for a period of several hours and, thereafter, every time he left

his cell for the next 30 days.  The conditions imposed do not describe atypical and significant

hardship.  See e.g., Beverati v. Smith, 120 F.3d 500, 503 (4th Cir. 1997) (six month confinement

to administrative segregation); Reffitt v. Nixon, 917 F. Supp. 409, 413 (E.D. Va. 1996) (no

liberty interest in release to general population from segregation).  In light of Plaintiff's

confinement to a super-maximum security facility,[4] the nature of his misconduct, and the

deference owed to prison officials on matters relating to security decisions, requiring Plaintiff to

wear restraints "falls within the parameters of the sentence imposed by a court of law." Sandin

515 U.S. at 485.  Accordingly, Plaintiff's due process claim is without merit.

Defendants' Motion to Dismiss or for Summary Judgment, construed as a Motion for

Summary Judgment, shall be granted.  A separate Order follows.


_2/6/06_____                              _Marvin J. Garbis_____
Date                                                           Marvin J. Garbis
                                                               United States District Judge


---

[4] Plaintiff has since been transferred to another prison.  Paper No. 17.